**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AYESHAH LACY,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO.  20-660** |
| | : | |
| **BANK OF AMERICA,** *et al.* | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                   **May 15, 2020**

  Disappointed with a state court judge's order against them in an ongoing mortgage foreclosure case, the property owners filed suit here against their state court adversary seeking to change the state court result.  They filed suit were without paying the filing fees and we granted them leave to proceed *in forma pauperis*. Congress requires we now screen this case before we cause the Marshal to incur costs of service and the Defendants to respond.  After screening, we must dismiss the property owners' second-shot-at-the-apple without prejudice should they be able to amend their complaint to plead a claim not barred by the *Rooker-Feldman* doctrine.

## I.  Facts

  Ayeshah and Craig Lacy ("the Lacys") sue Bank of America Home Loan Servicing, L.P. and MTGLQ Investors.[1]  They seek relief relating to a mortgage foreclosure action in state court.[2] The Lacys acknowledge "[a] civil action between these parties or other parties arising out of the transaction or occurrence alleged . . . is currently still active in the State of Pennsylvania [County of] Montgomery."[3]

  We take judicial notice of facts relating to the state court action.[4]  In 2009, Bank of America Home Loan Servicing filed a Complaint in Mortgage Foreclosure against the Lacys in the Court of Common Pleas of Montgomery County, Pennsylvania.[5]  Three years later, MTGLQ Investors

substituted itself as the plaintiff.[6]   MTGLQ Investors alleged Craig Lacy had defaulted on a promissory note relating to a mortgage loan and owed a principal balance of $234,555.26.[7]   The Lacys defended the case, arguing they never signed the mortgage note.[8]   In November 2019, the Honorable Gail A. Weilheimer granted MTGLQ Investors' motion for summary judgment after it "produced a true and correct copy of the original Promissory Note[.]"[9]

The Lacys attack the validity of Judge Weilheimer's ruling.  They maintain they did not sign the promissory note.[10]   The Lacys argue MTLGLQ Investors' lawyers did not follow notice requirements before filing in the Court of Common Pleas of Montgomery County.[11]   They argue this failure constitutes the unauthorized practice of law.[12]   They argue MTLGLQ Investors lacked standing to sue in Montgomery County because it did not give the Lacys time "to seek help for Homeowners before filing [the] Summons [and] Complaint."[13]   The Lacys argue MTGLQ Investors violated the Home Ownership and Equity Protection Act and the Fair Debt Collection Practices Act.[14]   They argue Defendants are liable for negligence and gross negligence under 28 U.S.C. § 144, willful misconduct, and conspiring to fraudulently transfer assets.[15]   We liberally interpret each of these claims (to the extent viable) to be based on the state court action.[16]   They seek $10,000,000.00 in compensatory damages, $10,000,000.00 in exemplary damages, and other relief.[17]

## II.   Analysis

Having previously granted the Lacys motion to leave to proceed *in forma pauperis* as they are incapable of paying the fees to commence this civil action,[18] Congress requires us to evaluate the plead merits of the complaint under 28 U.S.C. § 1915(e)(2)(B).[19]   Congress requires we consider whether the "action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief."[20]  If we determine the case falls within one of these three categories, Congress directs us to dismiss.[21]

When we consider whether to dismiss a complaint as "frivolous or malicious" under § 1915(e)(2)(B)(i), we must inspect whether we may exercise our limited subject matter jurisdiction.[22]  When considering whether to dismiss a complaint for failure to state a claim under § 1915(e)(2)(B)(ii), we use the same standard used under Federal Rule of Civil Procedure 12(b)(6).[23]  "'[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'"[24]  "We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff."[25]  We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings …'"[26]

The Lacys plead little factual background other than contesting their obligations on the promissory note. The parties litigated their obligations under the promissory note in the Montgomery County Court of Common Pleas.  Judge Weilheimer held the Lacys are parties to the promissory note and are legally obligated to pay consistent with the terms.  We see no other basis for this lawsuit but to challenge (1) whether Bank of America Home Loan Servicing, L.P. and MTGLQ Investors validly pursued the original lawsuit, and (2) whether Judge Weilheimer erred by entering judgment.  We lack subject matter jurisdiction under the *Rooker-Feldman* doctrine to decide these or any related questions. Lacking subject matter jurisdiction, we must dismiss under § 1915(e)(2)(B)(i).

"Under the *Rooker-Feldman* Doctrine, a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling."[27]  The Supreme Court defined the contours

of *Rooker-Feldman*, explaining that the doctrine deprives the lower federal courts of jurisdiction only in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[28]  *Rooker-Feldman* is not implicated "simply because a party attempts to litigate in federal court a matter previously litigated in state court."[29]  If the matter was previously litigated, as long as the "federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'"[30]

Clarifying the *Rooker-Feldman* doctrine, our Court of Appeals instructs we lack jurisdiction only if (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the judgment was rendered before the federal suit was filed; and (4) the plaintiff has invited the district court to review and reject the state judgment.[31]  When a "federal plaintiff brings a claim, whether or not raised in state court, that asserts injury caused by a state-court judgment and seeks review and reversal of that judgment, the federal claim is 'inextricably intertwined' with the state judgment."[32]  In deciding whether a claim is inextricably intertwined, the federal court must determine exactly what the state court held.[33]  The court must then articulate the federal relief sought by the plaintiff.[34]  If this relief "requires determining that the state court decision is wrong or would void the state court's ruling," then the issues are inextricably intertwined and the federal court lacks subject matter jurisdiction.[35]

On multiple occasions, our Court of Appeals has held the *Rooker-Feldman* doctrine bars federal courts from providing relief invalidating a state court foreclosure decision.[36]  For example, in *Easley v. New Century Mortgage Corporation*, the plaintiff sought compensation for "damage

to her credit rating caused by the foreclosure."[37]  Our Court of Appeals held the *Rooker-Feldman* doctrine barred the plaintiff's claims because the plaintiff sought damages "stemming directly from the state court's judgment in the foreclosure action."[38]

The Lacys claims fall within the four-part test depriving us of jurisdiction under the *Rooker-Feldman* doctrine.  First, they lost in state court when Judge Weilheimer entered judgment in November 2019.  Second, their federal claims solely complain of injuries caused by the judgment in the state court action.  Third, they filed in federal court three months after Judge Weilheimer's November 2019 order granting judgment.  Fourth, the Lacys' claims invite us inspect and reject Judge Weilheimer's judgment.  They ask us to consider the validity of signatures and whether MTGLQ Investors met required procedural requirements.  We lack the authority to inspect the validity of Judge Weilheimer's judgment or to grant damages to the Lacys solely stemming from this judgment.  Finding we lack subject matter jurisdiction under the *Rooker-Feldman* doctrine, we need not explore other grounds for dismissal under 28 U.S.C. § 1915(e)(2)(B). [39]

## III.  Conclusion

Under 28 U.S.C. § 1915(e)(2)(B)(i), we lack subject matter jurisdiction over this action challenging an ongoing mortgage foreclosure judgment in state court under the *Rooker-Feldman* doctrine.  We must dismiss.  As the Lacys are proceeding *pro se*, we grant them leave to timely amend if they can state a claim not barred by the Law.

---

[1] ECF Doc. No. 2-1.

[2] *Id.* at pp. 12-15.

[3] *Id.* at p. 2.

---

[4] We may take "judicial notice of the record from a state court proceeding and consider it on a motion to dismiss." *Schafer v. Decision One Mortg. Corp.*, No. 08-5653, 2009 WL 1532048, at *3 (E.D. Pa. May 29, 2009).

[5] ECF Doc. No. 2-1, at p. 2-3.

[6] *BAC Home Loans Servicing, L.P. FKA Countrywide Home Loans Servicing, L.P. v. Lacy*, No. 20-17734 (C.C.P. Mont. Cty.), Docket Entry No. 47.

[7] *Id.,* Docket Entry No. 1.

[8] ECF Doc. No. 2-1, at p. 3.

[9] *BAC Home Loans Servicing, L.P. FKA Countrywide Home Loans Servicing, L.P. v. Lacy*, No. 2009-17734 (C.C.P. Mont. Cty.), Docket Entry No. 109.

[10] ECF Doc. No. 2-1, at p. 3-4.

[11] *Id.* at 3-5.

[12] *Id.* at p. 4.

[13] *Id.*

[14] *Id.* at p. 5.

[15] *Id.* at pp. 7-15.

[16] *Id.*

[17] ECF Doc. No. 2-1, at p. 15.

[18] ECF Doc. No. 9.

[19] 28 U.S.C. § 1915(e)(2)(B).

[20] *Id.* §§ 1915(e)(2)(B)(i)-(iii).

[21] *Id.* § 1915(e)(2)(B).

[22] While we may always consider our subject matter jurisdiction *sua sponte*, we may also do so under Section 1915(e)(2)(B)(i). *Parker v. Baker*, No. 19-1439, 2019 WL 6310754, at *2 (W.D. Pa. Nov. 25, 2019).

[23] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[24] *Id.* (quoting *Fleisher v. Standard Ins. Co*., 679 F.3d 116, 120 (3d Cir. 2012)).

[25] *Id.*

[26] *Dooley v. Wetzel*, No. 19-1684, 2020 WL 1982194, * 4 (3d Cir. Apr. 27, 2020) (citing *Higgs v. Attorney Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (September 19, 2011)).

[27] *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006).

[28] *Exxon Mobil Corp.*, 544 U.S. at 284.

[29] *Id.* at 293.

[30] *Id.*

[31] *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

[32] *Id.* at 170.

[33] *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (citations omitted).

[34] *Perkins v. Beltway Capital, LLC*, 773 F. Supp. 2d 553, 557–58 (E.D. Pa. 2011).

[35] *Id.* (quoting *Laychock v. Wells Fargo Home Mortg.,* No. 07-4478, 2008 WL 2890962, at *2 (E.D. Pa. July 23, 2008)).

[36] *See, e.g.*, *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *Manu v. Nat'l City Bank of Indiana*, 471 F. App'x 101, 105 (3d Cir. 2012); *Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x 716 (3d Cir. 2010); *Easley v. New Century Mortg. Corp.*, 394 F. App'x 946 (3d Cir. 2010); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir. 2008).

[37] *Easley*, 394 F. App'x at 948.

[38] *Id.*

[39] But, as we dismiss without prejudice allowing leave to amend, we note the Lacys' claims may also be barred by *res judicata,* see *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (*res judicata* applies when there is "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action"), and may also fail our screening under Section 1915(e)(2)(B)(ii) by failing to plead sufficient factual matter to plausibly state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quotations omitted). We may further inspect these grounds for dismissal if appropriate when screening the amended complaint – if one is filed in good faith.