IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AYESHAH LACY**, *et al.* | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 20-660** |
| | : | |
| **BANK OF AMERICA**, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                       **June 15, 2020**

After losing a mortgage foreclosure action filed against them in state court beginning over ten years ago, Ayeshah and Craig Lacy *pro se* sued Bank of America and MTGLQ in this Court seeking $10,000,000.00 in compensatory damages, $10,000,000.00 in exemplary damages, and other relief.[1]  Because the Lacys proceeded *in forma pauperis*, we screened their complaint as directed by Congress.[2]  We dismissed under the *Rooker-Feldman* doctrine because the Lacys' claims would require us to find the state court erred in its judgment.[3]  We dismissed the claim but granted the Lacys leave to allege claims within our jurisdiction and the Lacys amended their Complaint.[4]  After screening their duplicative amended complaints, the Lacys repeat the same failed allegations but now add the state court entered summary judgment against them even though they argued disputed issues of fact.  They cannot sue in this Court for claims resolved, or which could have been resolved, in the state court foreclosure proceeding.  We are not the appellate court for state court foreclosure actions.  The Lacys do not state a claim. We dismiss and close their case after affording them an opportunity to once amend.  They cannot do so based on these challenges.

**I.**     *Pro se* **allegations.**

The Lacys purchased a home for approximately $238,000 in August 2007 as financed by Countrywide Home Loans, Inc. in exchange for a mortgage on their home.[5]  The Lacys paid

approximately $1,563.00 in monthly mortgage payments until 2009.[6]  In April 2009, Bank of America Home Loans Servicing, LP[7] filed a complaint in Mortgage Foreclosure against the Lacys in the Court of Common Pleas of Montgomery County, Pennsylvania.[8]  MTGLQ Investors later assumed ownership of the Lacys' mortgage and replaced Bank of America in the foreclosure case.[9]

We take judicial notice of the state court foreclosure proceedings because the claims in the Lacys' amended Complaint stem directly from the state court judgment.[10]  When MTGLQ sued the Lacys in state court for defaulting on their mortgage payments, the Lacys claimed they never signed the mortgage note.[11]  In November 2019, the Honorable Gail A. Weilheimer granted MTGLQ's motion for summary judgment when it "produced a true and correct copy of the original Promissory Note."[12]

## II.   Analysis

The Lacys alleged in their first complaint Judge Weilheimer erred in granting summary judgment because she accepted MTGLQ's photocopy of the promissory note instead of requiring it to produce the original.[13]  The Lacys now allege Judge Weilheimer erred in granting MTGLQ's motion for summary judgment citing other issues of material fact.[14]  Either way, we are not authorized to review a state court's judgment for error.  We are not an appellate court for Judge Weilheimer.

The Lacys also allege insufficient notice under 15 U.S.C § 1641 and dual tracking violating federal law.[15]  They allege fraud because the attorney's signature on Bank of America's assignment in the Montgomery County Record of Deeds looks different than the attorney's signature on Bank of America's complaint against the Lacys in the original foreclosure proceedings.[16]  The Lacys further allege fraud based on inconsistencies in the assignment of mortgage.[17]  They allege the verification Bank of America's employee provided is "void on its

merits due to hearsay" because he was not an employee of the original mortgaging company, Countrywide Home Loans.[18] The Lacys request MTGLQ produce the original "wet ink" note for review.[19] They do not state the monetary damages except unknown punitive damages against MTGLQ.[20] The Lacys ask this Court to review the state court's judgment for error.[21]

The Lacys proceed *in forma pauperis*. Congress instructs us we must dismiss their complaint before causing the Clerk of Court to issue summons or the United States Marshal to effect service if it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.[22] We must determine whether we may exercise our limited subject matter jurisdiction before dismissing a complaint as frivolous or malicious under section 1915(e)(2)(B)(i).[23] We use the same standard as Federal Rule of Civil Procedure 12(b)(6), which requires a complaint to state a claim upon which relief can be granted, when determining whether the Lacys' complaint fails to state a claim under section 1915(e)(2)(b)(ii).[24] Our Court of Appeals requires us to liberally construe the Lacys' pleadings because they are *pro se* litigants.[25]

The Lacys ask us to determine whether the state court erred in granting summary judgment to MTGLQ. This is an appellate issue for the Pennsylvania courts. We cannot jump into this dispute. "The *Rooker-Feldman* doctrine bars from federal consideration 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"[26] But if the Lacys "present some independent claim . . . albeit one that denies a legal conclusion [] a state court has reached . . . there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion."[27] Our Court of Appeals instructs we lack jurisdiction under the *Rooker-Feldman* doctrine if (1) the Lacys lost in state court; (2) the Lacys

3

complain of injuries caused by the state court judgment; (3) the state court rendered judgment before the Lacys filed suit in federal court; and (4) the Lacys have invited the district court to review and reject the state judgment.[28]

We lack jurisdiction under *Rooker-Feldman*. The Lacys lost in state court in November 2019. They complain of injuries caused by the state court judgment, noting multiple times their dissatisfaction with the state court's grant of summary judgment to MTGLQ. The state court rendered its judgment before the Lacys sued in federal court in January 2020.

And the Lacys invite us to review and reject the state judgment, which indicates their federal claim is "inextricably intertwined"[29] with the state court judgment. Our Court of Appeals instructs we lack jurisdiction when federal claims are inextricably intertwined with state court judgments "even if the claim forming the basis of the challenge was not raised in the state proceedings."[30] The state court in the Lacys' case granted summary judgment to MTGLQ because MTGLQ produced a correct and true copy of the Lacys' promissory note.[31] The Lacys allege in their amended Complaint either they or the Court did not raise or discuss many other issues during the foreclosure proceedings.[32] But "the [*Rooker-Feldman*] doctrine applies not only to claims . . . actually adjudicated in state court, but also to claims that could have been raised in state court."[33]

The Lacys' various allegations in their amended Complaint are not "independent claim[s] . . . den[ying] a legal conclusion" of the state court. Instead, the allegations provide further support for the damages the Lacys seek, which "stem[] directly from the state court's judgment in the foreclosure action." The Lacys argue MTGLQ "should not have been granted Summary Judgement [sic] . . . due to so many issues of material fact."[34] But we are proscribed under the *Rooker-Feldman* doctrine from reviewing the Lacys' case for issues of material fact rendering void the state court's decision.[35]

The Lacys present two federal claims: Defendants violated section 1641 and dual tracking violations.  If a complaint raises federal issues not caused by the state judgment but attributable to defendants' actions before the state court proceedings, the claims are not barred by *Rooker-Feldman*.[36]  "[A] subsequent federal claim constitutes '[p]rohibited appellate review' only when it 'consists of a review ... to determine whether [the lower tribunal] reached its result in accordance with law'[37] or when the federal plaintiff seeks 'to have the state-court decisions undone or declared null and void.'"[38]

While they raise these federal questions, the Lacys argue they are seeking "examination of lower Courts [sic] ruling to determine if an error was made in granting Summary Judgement [sic] to Appellees," indicating they raise federal issues with the hope we will render the state court's decision void.  When a party can only succeed in federal court if the court concludes a state court entered an erroneous judgment, the federal court lacks subject matter jurisdiction under *Rooker-Feldman*.[39]  We do not have the authority to evaluate whether Judge Weilheimer failed to consider issues of material fact when she granted MTGLQ summary judgment as the Lacys allege.  The Lacys fail to state a claim under section 1915(e)(2)(B)(ii) requiring we dismiss.

We would typically grant the Lacys another opportunity to plead relief.  But as they cannot state a claim passing our screening arising out of the foreclosure lawsuit, we will not allow further amendment.

## III.   Conclusion

Having provided the Lacys with two opportunities to plead relief and they cannot do so under *Rooker-Feldman*, we dismiss their claims challenging conduct addressed, or which could have been addressed, in state court.

---

[1] ECF Doc. No. 2-1 at 15.

---

[2] ECF Doc. No. 11 at 2.

[3] *Id.* at 2.

[4] ECF Doc. 17 at 5.

[5] *Id.* at 2.

[6] *Id.*

[7] *Id.* at 1 (Countrywide Home Loans merged with Bank of America).

[8] *Id.* at 2.

[9] *Id.* at 3.

[10] We may take "judicial notice of the record from a state court proceeding and consider it on a motion to dismiss." *Schafer v. Decision One Mortg. Corp.*, No. 08-5653, 2009 WL 1532048, at *3 (E.D. Pa. May 29, 2009).

[11] ECF Doc. No. 2-1 at 3.

[12] *BAC Home Loans Servicing, L.P. FKA Countrywide Home Loans Servicing, L.P. v. Lacy*, No. 2009-17734 (C.C.P. Mont. Cty.), Docket Entry No. 109.

[13] ECF Doc. No. 2-1 at 3-4.

[14] *Id.* at 3.

[15] *Id.* at 2-3.

[16] *Id.* at 3.

[17] *Id.* at 2.

[18] *Id.* at 4.

[19] *Id.*

[20] *Id.* at 5.

[21] *Id.*

[22] 28 U.S.C. § 1915(e)(2)(B).

[23] While we may always consider our subject matter jurisdiction *sua sponte*, we may also do so under section 1915(e)(2)(B)(i). *Parker v. Baker*, No. 19-1439, 2019 WL 6310754, at *2 (W.D. Pa. Nov. 25, 2019).

[24] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[25] *Dooley v. Wetzel*, No. 19-1684, 2020 WL 1982194, * 4 (3d Cir. Apr. 27, 2020) (citing *Higgs v. Attorney Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (September 19, 2011)).

[26] *Cruz v. Jurden*, 789 F. App'x 943, 944 (3d Cir. 2020) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[27] *Exxon Mobil Corp.*, 544 U.S. at 293.

[28] *Cardillo v. Neary*, 756 F. App'x 150, 154 (3d Cir. 2018), cert. denied, 139 S. Ct. 2700 (2019) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)).

[30] *Id.* at 170 (quoting *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1141 (10th Cir. 2006).

[31] *BAC Home Loans Servicing, L.P. FKA Countrywide Home Loans Servicing, L.P. v. Lacy*, No. 20-17734 (C.C.P. Mont. Cty.), Docket Entry No. 109.

[32] ECF Doc. No. 17 at 3.

[33] *Daily v. City of Philadelphia*, 98 F. Supp. 2d 634, 637 (E.D. Pa. 2000), *aff'd sub nom. Daily v. Timoney*, 43 F. App'x 522 (3d Cir. 2002).

[34] ECF Doc. No. 17 at 3.

[35] *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006).

[36] *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006).

[37] *Geness v. Cox*, 902 F.3d 344, 360 (3d Cir. 2018) (quoting *Great Western*, 615 F.3d at 169).

[38] *Id.* (quoting *Great Western*, 615 F.3d at 173).

[39] *In re Sabertooth, LLC*, 443 B.R. 671, 688 (Bankr. E.D. Pa. 2011), *aff'd sub nom. In re Green Goblin, Inc.*, No. 12-4076, 2014 WL 5800601 (E.D. Pa. Nov. 6, 2014).